**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
JOHNATHAN MEJIA, *on behalf of himself,*　　　Case No.
*FLSA Collective Plaintiffs and the Class,*

　　　　　　　　Plaintiffs,　　　　　　　　**CLASS AND COLLECTIVE ACTION**
　　　　　　　　　　　　　　　　　　　　　**COMPLAINT**
　　-against-
　　　　　　　　　　　　　　　　　　　　　**Jury Trial Demanded**

MARVELOUS MARK
TRANSPORTATION CO., INC.,
CE SOLUTIONS GROUP, LLC and
CE SOLUTIONS INC.,

　　　　　　　　Defendants.
------------------------------------------------------------X

　　Plaintiff Johnathan Mejia ("Mejia" or "Plaintiff") alleges on behalf of himself and others similarly situated, against Defendants Marvelous Mark Transportation Co., Inc. ("Marvelous Mark"), CE Solutions Group, LLC and CE Solutions Inc. (collectively, "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Mejia was employed by the Defendants as a non-exempt employee from approximately March 9, 2023 to July 18, 2023. Mejia generally worked 6 days per week and shifts from 12 to 16 hours per day. Mejia was paid just $11.00 per hour, by direct deposit. Defendants failed to pay Mejia minimum wage. In addition, despite working in excess of forty hours per week and ten hours per day, Mejia was not paid overtime or spread-of-hours. Furthermore, the Defendants committed statutory wage violations by failing to furnish Mejia with a wage notice upon his hire or accurate wage statements with each payment received.

2. As such, Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA") that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorney's fees and costs.

3. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL") that he and others similarly situated, are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) unpaid spread-of-hours premium, (4) statutory penalties for wage notice violations, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because Plaintiff worked for Defendants in this district and Defendants' principal place of business is located in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7. Plaintiff Johnathan Mejia ("Mejia") was and is a resident of Bronx, New York.

8. Defendant Marvelous Mark Transportation Co., Inc., et al. ("Marvelous Mark") was and is a domestic business corporation existing under the laws of the State of New York.

9. Marvelous Mark was and is authorized to conduct business in the State of New York.

10. Marvelous Mark was and is located at 2814 West 8th Street, #5A, Brooklyn, New York

11224.

11. At all times relevant to this action, Marvelous Mark has been a business or enterprise engaged in commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

12. At all relevant times, Marvelous Mark was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and the regulations thereunder.

13. Defendant CE Solutions Group, LLC was and is a domestic limited liability company existing under the laws of the State of New York.

14. CE Solutions Group, LLC was and is authorized to conduct business in the State of New York.

15. CE Solutions Group, LLC was and is located at 2814 West 8th Street, #5A, Brooklyn, New York 11224.

16. At all times relevant to this action, CE Solutions Group, LLC has been a business or enterprise engaged in commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

17. At all relevant times, CE Solutions Group, LLC was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and the regulations thereunder.

18. Defendant CE Solutions Inc. was and is a domestic business corporation existing under the laws of the State of New York.

19. CE Solutions Inc. was and is authorized to conduct business in the State of New York.

20. CE Solutions Inc. was and is located at 2814 West 8th Street, #5A, Brooklyn, New York

11224.

21. At all times relevant to this action, CE Solutions Inc. has been a business or enterprise engaged in commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

22. At all relevant times, CE Solutions Inc. was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and the regulations thereunder.

23. The Defendants contracted with Consolidated Edison of New York, Inc. ("Con Ed").

24. As part of the contract with Con Ed, the Defendants agreed to staff spotholders, who would drive to a Con Ed work site, park there, put cones either in the stop or on top of the car, and then prevent cars from taking up the space.

25. At all relevant times, the work performed by the Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by the Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees employed by Defendant on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Class period").

27. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime compensation at the rate of one and one half times the

regular hourly rate for work in excess of forty (40) hours per workweek. The claims of the Plaintiffs stated herein are essentially the same as those of the FLSA Collective Plaintiffs.

28. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail for the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

29. Plaintiff also brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class period").

30. All said persons, including the Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member are also determinable from the Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

31. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the

precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of twenty (20) Class Members.

32. The Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wage (ii) failing to pay overtime compensation and (iii) failing to pay spread of hours premium. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. The Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

33. The Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. The Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

34. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the

individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress to wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties. The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

35. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

36. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    (a) Whether Defendants employed the Plaintiff and Class members within the meaning

of the NYLL;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of the Defendants regarding the types of work and labor for which the Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Plaintiffs and Class members for their work;

(d) Whether Defendants paid the Plaintiff and Class members minimum wage as required by the NYLL;

(e) Whether Defendants paid the Plaintiff and Class members the proper overtime compensation under the NYLL; and

(f) Whether Defendants paid the Plaintiff and Class members the spread of hours premium as required by the NYLL.

## STATEMENT OF FACTS

37. From approximately March 9, 2023 to July 18, 2023, Mejia was employed on a full-time basis by the Defendants.

38. Mejia was a non-exempt employee.

39. Mejia was employed as a spotholder by the Defendants

40. As part of his job responsibilities, Mejia would drive to an assigned job site, primarily in New York City, and put cones out to clear out a parking spot where a Con Edison truck would later park.

41. Mejia was hired by Krystal (last name currently unknown).

42. During Mejia's employment with the Defendants, Mejia worked in excess of forty (40) hours per week.

43. During Mejias's employment with Defendants, Mejia would also work in excess of ten hours per day.

44. From March 9, 2023 to July 18, 2023, Mejia worked six days per week.

45. From March 9, 2023 to July 18, 2023, Mejia worked twelve to sixteen hours per day.

46. Throughout Mejia's employment, Defendants paid Mejia $11.00 per hour.

47. Defendants paid Mejia via direct deposit.

48. Mejia was paid once per week.

49. Defendants did not provide a wage notice to Mejia upon his hire or annually.

50. Defendants did not provide Mejia with a proper wage statement with each payment he received.

51. The Defendants failed to pay Mejia in accordance with New York City minimum wage, which was $15.00 an hour in 2023.

52. Defendants did not pay Plaintiff and the Class members the required New York minimum wage.

53. Although Mejia worked over forty hours per week, Defendants failed to pay Mejia at the required overtime premium rate.

54. Although Mejia worked daily shifts in excess of ten hours, Defendants failed to pay Mejia spread-of-hours.

55. Although the Plaintiff, FLSA Collective Plaintiffs and Class members worked over forty hours per week, Defendants never paid them at the required overtime premium rate.

56. Plaintiff and Class members had workdays that exceeded 10 hours in length.  Defendants never paid them the spread of hours premium as required by the NYLL.

57. Defendants knowingly and willfully operated its business with a policy of not paying the

New York State minimum wage to the Plaintiff and Class members.

58. Defendants knowingly and willfully operated its business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff, FLSA Collective Plaintiffs and Class members.

59. Defendants knowingly and willfully operated its business with a policy of not paying the New York State spread of hours premium to the Plaintiff and Class members.

60. Defendants knowingly and willfully operated its business with a policy of not providing proper wage statements to the Plaintiff, in violation of the NYLL.

61. Defendants knowingly and willfully operated its business with a policy of not providing proper wage and hour notices to the Plaintiff, at the beginning of employment and annually thereafter, in violation of the NYLL.

62. The Plaintiff retained Akin & Salaman PLLC to represent the Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

### **FIRST CAUSE OF ACTION**
**(FLSA – Unpaid Overtime)**
*On Behalf of Plaintiff and the FLSA Collective*

63. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

64. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

65. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

66. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### (NYLL – Unpaid Minimum Wage)
*On Behalf of Plaintiff and the NYLL Class*

67. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

68. Defendants willfully violated the Plaintiff and the Class Members' rights by failing to pay minimum wage compensation equivalent to $15.00 an hour in accordance with New York City minimum wage in 2023.

69. Defendants' failure to pay overtime premium compensation caused the Plaintiff and the Class Members to suffer loss of wages and interest thereon. The Plaintiff and the Class Members are entitled to recover from the Defendant their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### THIRD CAUSE OF ACTION
### (NYLL – Unpaid Overtime)
### *On Behalf of Plaintiff and the NYLL Class*

70. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

71. Defendants willfully violated the Plaintiff and the Class Members' rights by failing to pay overtime compensation at a rate of less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

72. Defendants' failure to pay overtime premium compensation caused the Plaintiff and the Class Members to suffer loss of wages and interest thereon. The Plaintiff and the Class Members are entitled to recover from the Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### FOURTH CAUSE OF ACTION
### (NYLL – Unpaid Spread-of-Hours)
### *On Behalf of Plaintiff and the NYLL Class*

73. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

74. Defendants willfully violated the Plaintiff and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours

per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. Tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

75. Defendants' failure to pay spread-of hours compensation caused the Plaintiff and the Class Members to suffer loss of wages and interest thereon. The Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FIFTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notice)
*On Behalf of Plaintiff*

76. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

77. Defendants have willfully failed to supply the Plaintiff with a wage notice as required by NYLL, Article 6, § 195(1), at the time of hire or annually, containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission other; the regular pay day designated by the employer; the name of the employer; the physical address of the employer and the telephone number of the employer.

78. Due to the Defendant's violations of the NYLL, the Plaintiff is entitled to recover from Defendant fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys'

fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SIXTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)
*On Behalf of Plaintiff*

79. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

80. Defendants have willfully failed to provide the Plaintiff with proper wage statements as required by NYLL Article 6 § 195 (3) with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employer; address and phone number of employer' rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary or other; gross wages; deductions; and net wages.

81. Due to the Defendants' violations of the NYLL, the Plaintiff is entitled to recover from Defendants two hundred fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action

  Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

e. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and supporting regulations;

g. An award of compensatory damages as a result of Defendants' failure to pay minimum wage pursuant to the NYLL and supporting regulations;

h. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the NYLL and supporting regulations;

i. An award of compensatory damages as a result of Defendants' failure to pay spread of hours pursuant to the NYLL and supporting regulations;

j. An award of liquidated damages as a result of Defendants' willful failure to pay minimum wage, overtime compensation, and spread of hours premium pursuant to the FLSA and NYLL;

k. A maximum of $5,000 for Plaintiff to failure to provide a proper wage notice upon hire or annually;

l. A maximum of $5,000 for Plaintiff for the failure to provide proper wage statements pursuant to the NYLL;

m. An award of prejudgment and post-judgment interest;

n. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

o. Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the FRCP, Plaintiff demands a trial by jury.

Dated: April 23, 2024
New York, New York

Respectfully submitted,

**Akin & Salaman PLLC**

*/s/ Robert D. Salaman*
_____

Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Plaintiff, FLSA Collective Plaintiffs and the Class*